James L. Sullivan, Director Department of Consumer Affairs, Regulation and Licensing 505 Missouri Boulevard Jefferson City, Missouri 65101
Dear Mr. Sullivan:
This opinion is in answer to the following question:
 Is the method being used by the Missouri Crippled Children's Service for supplying hearing aids and custom-fitted earmolds to crippled children in violation of Chapter 346, RSMo Supp. 1975?
As to the facts, the Division of Professional Registration, Department of Consumer Affairs, Regulation and Licensing, and the Division of Health, Department of Social Services, agree that the Missouri Crippled Children's Service of the Division of Health bid for a supply of hearing aids and custom-fitted earmolds for crippled children. These aids and earmolds are ordered by an associate physician, a board eligible or board certified otologist or otolarynogolist, licensed in Missouri, who is in charge of the management of the child's treatment. Review and final approval for the hearing aid and earmold will continue to be made at the central office level of the Missouri Crippled Children's Service by a staff physician licensed to practice in Missouri. Any modification of the child's custom-fitted earmold or hearing aid will be accomplished in the same manner. At the outset, the crippled children are examined by an audiologist under the supervision of a physician licensed in this state. This physician approves the specifications for the construction of a proper device and earmold. The manufacturer, who has successfully bid for the supply of these items, then produces the hearing aid and custom-fitted earmold to these specifications and supplies the finished product to the Division of Health, Missouri Crippled Children's Service, for distribution by a physician licensed in Missouri to the child needing the hearing aid and earmold.
Section 346.035.1, RSMo Supp. 1975, says:
 "Sections 346.010 to 346.135 shall not apply to a person who is a physician licensed to practice in Missouri."
As it is stated in this subsection, Chapter 346, RSMo Supp. 1975 does not apply to a person who is a physician licensed to practice in Missouri. The procedure of the Division of Health, Missouri Crippled Children's Service, above described, employs a licensed physician to supervise every stage of the treatment of a child in connection with the transfer of the hearing aid and earmold from the Division to the patient. We believe that such procedure falls within this exemption.
Because the exemption of Section 346.035.1 is applicable, we find it unnecessary to consider whether Chapter 346 otherwise applies to the Missouri Crippled Children's Service.
CONCLUSION
It is the opinion of this office that the method being used by the Division of Health, Missouri Crippled Children's Service, in connection with the supplying of hearing aids and custom-fitted earmolds, as above described, complies with the statutory requirements under Chapter 346, RSMo Supp. 1975.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Very truly yours,
 JOHN ASHCROFT Attorney General